IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RUTH JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-0664-CV-W-ODS |
| ) | |
| CITY OF KANSAS CITY, MO., ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION DENYING MOTION TO DISMISS AND GRANTING MOTION TO AMEND

Pending is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 5) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also pending is Plaintiff's Motion for Leave to Amend Complaint (Doc. # 11). For the following reasons, Defendant's motion is DENIED and Plaintiff's motion is GRANTED.

### I. BACKGROUND

Plaintiff's complaint alleges she was discriminated against based on her race in her employment with Defendant City of Kansas City, Missouri. Her First Amended Complaint contains three counts. Count I alleges race discrimination in violation of 42 U.S.C. § 1981. Count II alleges race discrimination in violation of Title VII. Count III alleges race discrimination in violation of the Missouri Human Rights Act. Defendant moves for dismissal of all three counts.

### II. STANDARD

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355

U.S. 41, 45-46 (1957)).  In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff.

The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint.  Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).

### III. DISCUSSION

*a. Count I: Section 1981*

In Count I, Plaintiff claims she was discriminated against based on her race in violation of Section 1981.  The civil rights statute provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . ."  42 U.S.C. § 1981(a).  The statute broadly defines "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  § 1981(b).  To maintain her discrimination claim under Section 1981, Plaintiff must have a contractual relationship with Defendant. See, e.g., Gonzalez v. Ingersoll Milling Machine Co., 133 F.3d 1025, 1034 (7th Cir. 1998).

In its Suggestions in Support of its Motion to Dismiss, Defendant argues that Plaintiff's Section 1981 claim should be dismissed because she failed to allege a contractual relationship.  Plaintiff argues in her Suggestions in Opposition, however, that she at least stated facts necessary to establish an implied employment contract.  Even if Plaintiff cannot allege a written contract of employment with Defendant, the Eighth Circuit holds that an at-will employment agreement has all the necessary elements of a valid contract–offer, acceptance, and bargained for consideration.  Skinner v. Maritz, Inc., 253 F.3d 337, 340 (8th Cir. 2001) (citing Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1998)).

2

Presumably, Defendant offered, at least implicitly, to pay Plaintiff in exchange for her work.  Plaintiff accepted that offer by working.  Defendant, in all likelihood, paid Plaintiff in regular intervals for the work she had completed.  Plaintiff's performance of work for Defendant served as consideration for Defendant's promise to pay for those services and Defendant's promise to pay was adequate consideration for Plaintiff's performance.  Therefore, Plaintiff will be given leave to amend her complaint to more specifically allege the necessary contractual relationship.

Defendant's Reply Suggestions, however, argue that even if Plaintiff has an implied contract of employment with Defendant, that she still cannot state a claim under Section 1981.  Defendant argues that under Missouri law, contracts with municipalities must be in writing to be enforceable, citing § 432.070, RSMo.[1]  In DeMarr v. Kansas City, Missouri School Dist., the plaintiff did not have a written employment contract with a public school district, and asked the court to imply a contract in his breach of contract action.  802 S.W.2d 537, 541 (Mo. Ct. App. 1991).  The court held that to state a claim for breach of contract, the plaintiff "must plead and prove the kind of contract required by § 432.070."  Id.  Defendant argues that because Plaintiff did not have an enforceable contract pursuant to § 432.070, she cannot state a claim under Section 1981.  The Court disagrees.

In Skinner the Eighth Circuit addressed the defendant's argument that because the plaintiff was an at-will employee, who, under Missouri law, could not sue her employer for breach of contract or wrongful discharge, she also could not seek relief under Section 1981.  253 F.3d at 340-41.  The Eighth Circuit held that a plaintiff need not show that he or she can maintain a suit against the defendant under Missouri law for

---

[1]No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

Section 432.070, RSMo.

3

breach of contract to recover under Section 1981.  Id. at 341.  Rather, a plaintiff only must show the existence of a contract–offer, acceptance, and bargained-for consideration.  Here, Plaintiff will be allowed to amend her complaint to state these essential elements.  Id.  Accordingly, Defendant's Motion to Dismiss Plaintiff's Section 1981 claim is denied.

*b. Count II: Title VII*

Count II of Plaintiff's First Amended Complaint alleges she was discriminated against on the basis of her race in violation of Title VII.  Defendant argues Plaintiff's claim must be dismissed because it was made outside the statutory time limitations established by Title VII.  "Any claimant who files an administrative charge and receives a right-to-sue letter from the EEOC must file suit within ninety days after receiving that letter to preserve the cause of action."  Anderson v. Unisys Corp., 47 F.3d 302, 309 (8th Cir. 1995); See 42 U.S.C. § 2000e-5(f)(1).

Plaintiff received her right-to-sue letter from the EEOC on October 28, 2005.  Plaintiff filed her original complaint in state court within the ninety day limitations period; however, she did not assert a Title VII claim.  Instead, Plaintiff elected to proceed only under the Missouri Human Rights Act.  On August 27, 2007, Plaintiff filed her First Amended Complaint alleging a Title VII violation for the first time.  Plaintiff argues her Title VII claim should relate back to the filing of the original complaint.  The Court agrees.  "Under Federal Rule of Civil Procedure 15(c), an amended complaint relates back to the date of the original pleading 'whenever the claim . . . asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth . . . in the original pleading.'"  Donnelly v. Yellow Freight System, Inc., 874 F.2d 402, 410 (7th Cir. 1989).  "Contrary to defendant's assertion, the same substantive legal theory need not be alleged in both complaints; rather the claims need only arise out of the same 'conduct, transaction or occurrence.'"  Id.  Plaintiff's Title VII and MHRA claims are based upon identical facts and occurrences.  Accordingly, Plaintiff's Title VII claim will relate back to her timely filed original complaint.  Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint is denied.

4

Case 4:07-cv-00664-ODS   Document 20   Filed 01/04/08   Page 4 of 6

*c. Count III: MHRA*

Count III of Plaintiff's First Amended Complaint is based on violations of the Missouri Human Rights Act ("MHRA"). Defendant first argues Plaintiff's claim must be dismissed because she does not have a right-to-sue letter from the Missouri Commission on Human Rights ("MCHR"). Under Missouri law, a plaintiff pursuing claims under the MHRA must first obtain a right-to-sue letter from the MCHR. Even though the MCHR and the EEOC have a work sharing agreement, the requirement to obtain a separate right to sue letter from the MCHR still exists; the EEOC's right-to-sue letter will not allow suit on claims brought under the MHRA. <u>Whitmore v. O'Connor Management, Inc.</u>, 156 F.3d 796, 800 (8th Cir. 1998). However, this requirement is a condition precedent and not jurisdictional, so the failure to obtain a letter prior to suit can be cured if the right to sue letter is obtained after the suit is commenced. <u>See</u> <u>id.</u> Accordingly, Plaintiff will be allowed to cure this defect by obtaining a right-to-sue letter from the MCHR in a timely manner.

Defendant next contends Plaintiff's MHRA claim must be dismissed because it was also not filed within the statutorily prescribed time. According to § 213.075.2, RSMo, a complaint filed with the EEOC shall be deemed filed with the MCHR the same day as that filed with the EEOC. Section 213.075.1, RSMo, requires an aggrieved party to file the complaint with the MCHR within 180 days of the alleged act of discrimination. Accordingly, Plaintiff had 180 days from the last act of discrimination, which allegedly occurred in January 2005, to file her claim with the MCHR.

Based on the parties' filings, it is unclear whether Plaintiff's claim with the MCHR was untimely. Plaintiff's First Amended Complaint states that she filed a charge of race discrimination with the MCHR "on or about March, 2004," which is before the last act of discrimination. She further states that her claims were amended in August 2005, by current counsel.[2] First Amended Complaint ¶ 18. However, Plaintiff's Suggestions in Opposition to Defendant's Motion to Dismiss states that Plaintiff filed a claim with the

---

[2] The parties have not addressed the issue of whether Plaintiff's amended claims should relate back to her first charge.

5

*EEOC* on March 24, 2004, which in turn dually filed her complaint with the MCHR. Conversely, Defendant states Plaintiff did not file her EEOC charge until August 10, 2005, 191 days after the last act of discrimination. Because the Court cannot discern the timeliness of Plaintiff's claim to the MCHR based on the parties' inconsistent accounts of the events, at this time, Defendant's Motion to Dismiss Count III of Plaintiff's First Amended Complaint will be denied.

IT IS SO ORDERED.

DATE: January 4, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

6